IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| PATRICK O. MOZEE, <br> TDCJ No. 01448936, <br><br> Plaintiff, <br><br> v. <br><br> KENDALL RICHERSON, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> 2:20-CV-25-Z |

## MEMORANDUM OPINION DISMISSING COMPLAINT

*Pro se* Plaintiff Patrick O. Mozee ("Plaintiff") is a prisoner incarcerated in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). On January 29, 2020, Plaintiff filed a complaint (ECF No. 3) against the Defendants named in this case (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. On the same date, Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 4) and a "Motion to appoint counsel/attorney" (ECF No. 5). While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that he was "under imminent danger of serious physical injury" at the time the complaint in this case was filed. Therefore, Plaintiff's complaint is DISMISSED as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

In support of his complaint, Plaintiff presents the following allegations, which are numbered as follows:

1. Plaintiff alleges that (1) correctional officer Rolando Fuentes poisoned his food on May 28, 2018, (2) correctional officer Cole Byrd poisoned his food on May 30, 2018, and (3) another inmate poisoned his food in August 2018.

    2. Plaintiff also alleges that correctional officer K. Mohamed conspired with other TDCJ employees to deny him medical care after his food was poisoned. Plaintiff alleges that all of the remaining Defendants regularly conspire "to go against him" and that he is in "imminent danger" from medical neglect and food poisoning.

Enacted into law on April 26, 1996, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g) ("§ 1915(g)"), also known as the "three-strikes" provision. "The PLRA's three-strikes provision bars prisoners from proceeding [*in forma pauperis*] in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury." *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). A district court's dismissal is final when the prisoner "has exhausted or waived his appeals." *Id.*

The language of § 1915(g) is very clear that prisoners who have abused the *in forma pauperis* provisions of the PLRA to file frivolous or unwarranted lawsuits are subject to the PLRA's three-strikes provision. A prisoner is barred from proceeding *in forma pauperis* if he is subject to the three-strikes provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The prisoner's complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the three-strikes provision, a court may consider case dispositions that occurred prior

to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387–88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim. Thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests. Specifically, the Court notes that Plaintiff has sustained *at least* three dismissals which fulfill the three strikes provision of the PLRA.

- Cause No. 5:04-CV-0035 was dismissed by the United States District Court for the Eastern District of Texas, Texarkana Division, on August 10, 2005, as frivolous and for failure to state a claim upon which relief may be granted, and no appeal was taken;

- Cause No. 9:04-CV-0134 was dismissed by the United States District Court for the Eastern District of Texas, Lufkin Division, on March 2, 2005, as frivolous, and Plaintiff's subsequent appeal was dismissed as frivolous on July 31, 2006; and

- Cause No. 5:09-CV-0268 was dismissed as frivolous and for failure to state a claim by the United States District Court for the Northern District of Texas, Lubbock Division, on May 24, 2011, and no appeal was taken.

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury when he filed his complaint. Plaintiff claims that his food is regularly being poisoned by prison guards and other inmates as part of a conspiracy. However, he has wholly failed to state any allegations supporting a non-conclusory conspiracy claim. Furthermore, his claims for medical neglect stem from his claims of food poisoning—and thus depend on conclusory allegations of conspiracy. Plaintiff has not articulated any allegations that would support a reasonably plausible claim that a unit-wide conspiracy amongst guards and other inmates to poison him is ongoing. Thus, his complaint fails to allege facts of imminent danger.

For the above reasons, Plaintiff's complaint (ECF No. 3) is DISMISSED as barred by the three-strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff's

3

right to reopen this case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment. All other pending motions (ECF Nos. 4 and 5) are DENIED.

**SO ORDERED.**

June 4, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE